Ashburn, J.
Two questions are presented on the record, .and discussed by counsel for plaintiff in error.
I. The incompetency of the juror, Roach.
II. Irregularity of the court, arising from the alleged misconduct of the officer of the court who filled the panel.
1. The first question ajopears to be firmly settled in this state adversely to the claim of the plaintiff by a number •of reported eases. Simpson v. Pitman, 13 Ohio, 365; Haywood v. Calhoun, 20 Ohio St. 164; Eastman v. Wright, 40 Ohio St. 157; Shoemaker v. The State, 12 Ohio, 43; Kenrick v. Reppard, 23 Ohio St. 333. These cases -would seem ±o preclude the necessity of further adjudication upon this *35 question. Counsel for plaintiff in error, however, claims the bill of exceptions in this case discloses a state of facts that take it out of the effect of the principles arising from the facts in the foregoing cited cases. In this respect we differ with counsel and think this case is embraced in the decided cases.
By the statute, all jurors must have the qualification of ■electors. If a person not having this qualification is retained upon the panel, without the knowledge of the party or his counsel, after due diligence and inquiry has been made to ascertain the juror’s qualification at the time of impaneling the jury, a new trial should be granted. If, however, no inquiry was made of the juror, and thereby arose a want of reasonable diligence in ascertaining the qualification of the juror at the time of impaneling the jury, the party will be held to have waived all objection to the juror. This rule extends to each and every element that goes to constitute a qualified juror, save such as the statute requires the court, sua sponte, to ascertain.
Speaking generally of this rule, Ranney, J., in Eastman v. Wright, says: “ This is indispensable, to prevent constant mistrials, and to protect the rights of the adverse party; otherwise the party afterward taking the exception might lie by and take the chances of a verdict in his favor, and if given adversely, be entitled to a new trial, as a matter of course.”
In Simpson v. Pitman, 13 Ohio, 365, Wood, J., in disposing of a like question arising on a motion for a new trial, said: “ The proof is clear, it is true, that at least one of the jurors had formed and frequently expressed opinions unfavorable to the defendant’s case before die was impaneled on the jury, but this was only cause of challenge. By not putting the inquiry to the juror as to previously formed opinions, and ascertaining, or at least endeavoring to ascertain the fact, any such cause of challenge was waived, and the defendant can not afterward avail himself of such neglect to set aside the verdict.”
The rule is sound thus enforced, because it has a ten *36 dency to enforce right conduct on the part of litigants and to put an end to legal contests.
To take a case out of this general rule, it is not a sufficient showing, on a motion for a new trial, that the party,, at the time the jury was impaneled, was ignorant of the-fact of the incompeteney of such person for a juror, and that he believed him to be competent. He must at the-proper time have examined the juror touching his qualifications. Nothing short of such an investigation will furnish. a showing of reasonable diligence.
This right of personal investigation is in all cases presented to the party, and if he fails to make it by reason of his own negligence, at the proper time, he will be deemed to have waived all objections to the juror’s competency, he-might and should have ascertained by such inquiry.
Ho the facts shown on this motion for a new trial take this case out of the rule? We think not. Plaintiff in error and his counsel had known the juror for a period of about one year prior to his being called as a talis juror,, that he was a married man, was carrying on business, and had the look and appearance of being of full age.. From this they believed he was of full age, and had no-knowledge to the contrary; that they thought about dial-, lenging him, but as they knew of no ground for challenge, they did not do so. This showing amounts to this: that' the plaintiff in error and his counsel were self-deceived, by appearances, and from that cause exercised no diligence-at the proper time. They lost their opportunity, and must bear the consequences.
2. The second question rests upon the facts in the affidavit of the juror. Roach says: “He was called by one-William Hean, who seemed to be acting as a deputy sheriff of the court, to sit as a juror; that on being so called, he informed Hean that he was a minor, and that Hean directed him to take his seat in the jury box, saying, ‘you. are of age.’ ” There is no intimation that the .officer acted corruptly, either in selecting or refusing to excuse the juror. His reply to Roach would rather indicate he- *37 thought the juror was making a frivolous excuse, which is no uncommon thing for persons called as talis jurors to do.
Plaintiff in error and his counsel claim that, from his appearance and their knowledge of Roach, they thought he was an elector. If they were self-deceived by appearances, we think the officer would hardly be amenable to the charge of misconduct, under such circumstances, in disregarding his excuse and ordering him into the jury box. 'The court was wholly ignorant of what passed between the officer and Roach, and as the party did not interrogate him as to his eligibility, but took the juror on appearances, the charge of irregularity on the part of the court is wholly unsupported.
We think, to allow a person to sit as a juror, incompetent by reason of his minority, who was not questioned as to his competency when impaneled as a juror, and whose ineligibility was unknown to the court until advised of such fact on a motion for a new trial, is not such irregularity on the part of the court as will entitle the party to a new trial, although the officer calling him into the jury box was informed by the juror that he was not twenty-one .years of age, but was guilty of no misconduct in calling him.

Judgment affirmed.